UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY DON EVANS,<br><br>        Petitioner,<br>v.<br><br>JAMES E. TILTON, Secretary; V.M. Almager, Warden,<br><br>        Respondents. | Case No. 07cv0791-JM (BLM)<br><br>**ORDER DENYING WITHOUT PREJUDICE PETITIONER'S APPLICATION FOR APPOINTMENT OF COUNSEL**<br><br>**[DOC. NO. 23]** |

On February 21, 2008, Petitioner, a state prisoner proceeding *pro se*, filed the Application for Appointment of Counsel currently before the Court. Doc. No. 23. This is his second such application, and both are virtually identical, except the instant application is supplemented with letters describing a March 2007 riot in Petitioner's prison, and subsequent remedial measures. Id.; Doc. No. 7. In both, Petitioner contends that he requires appointed counsel because he is unskilled in the law, is incapable of responding to the sophisticated legal arguments to be presented by Respondents, and has limited access to the prison law library due to "perpetual" prison lockdowns. Id. For these reasons, Petitioner maintains that without the assistance of appointed counsel, he will be unable to pursue successfully his claims for federal habeas

relief. Id.

Having considered the request submitted by Petitioner and the applicable law, and for the reasons set forth below, Petitioner's Application for Appointment of Counsel is **DENIED** without prejudice.

The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners. See McClesky v. Zant, 499 U.S. 467, 495 (1991); Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996) (noting that there currently exists no constitutional right to appointment of counsel in habeas proceedings); Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986). However, courts may appoint counsel for financially eligible habeas petitioners seeking relief pursuant to 28 U.S.C. § 2254 where "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B); Chaney, 801 F.2d at 1196. Whether or not to appoint counsel is a matter left to the court's discretion, unless an evidentiary hearing is necessary. See Knaubert v. Goldsmith, 791 F.2d 722, 728-30 (9th Cir. 1986) (explaining that the interests of justice require appointment of counsel when the court conducts an evidentiary hearing on the petition).

A court's discretion to appoint counsel may be exercised only under "exceptional circumstances." Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." Id. (quoting Wilborn v. Escalderon, 789 F.2d 1238, 1331 (9th Cir. 1986)).

The Court has reviewed Petitioner's filings thus far, including his

1 | Petition for Writ of Habeas Corpus, Doc. No. 1, motion to file a first
2 | amended petition, Doc. No. 15, and both Applications for Appointment of
3 | Counsel, Doc. Nos. 7 & 23.  Each filing belies Petitioner's claims of an
4 | inability to understand the applicable law and to respond to arguments
5 | presented by Respondents.  For example, in his Petition, Petitioner
6 | provides a thorough recitation of his habeas claims with corresponding
7 | references to the state court record.  Doc. No. 1.  Similarly, in the
8 | both requests for appointed counsel, Petitioner appropriately cites
9 | multiple federal cases and applies these authorities in a clear and
10 | cogent manner.  Doc. Nos. 7 & 23.
11 |     Thus, based on its review of Petitioner's filings, the Court finds
12 | that Petitioner not only has a sufficient grasp of his individual claims
13 | for habeas relief and the legal issues involved in those claims, but
14 | also is able to articulate those claims adequately without assistance.
15 | See LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987) (affirming
16 | district court's denial of request for appointment of counsel where
17 | pleadings demonstrated petitioner had "a good understanding of the
18 | issues and the ability to present forcefully and coherently his
19 | contentions").  Letters describing the March 2007 prison riot and
20 | subsequent potentially limited access to the law library, Doc. No. 7, do
21 | not alter the Court's opinion in this respect.
22 | ///
23 | ///
24 | ///
25 | ///
26 | ///
27 | ///
28 | ///

The Court also finds that while Petitioner has asserted sufficient facts to state claims for federal habeas relief, he has not established a likelihood of success on the merits.  See Terrell, 935 F.2d at 1017. Under these circumstances, the Court concludes that this habeas proceeding does not present "exceptional circumstances" justifying the appointment of legal counsel.  Id.  Accordingly, Petitioner's Application for Appointment of Counsel is **DENIED** without prejudice.

**IT IS SO ORDERED.**

Dated: February 22, 2008

*[signature: Barbara L. Major]*

BARBARA L. MAJOR
United States Magistrate Judge

COPY TO:

HONORABLE JEFFREY T. MILLER
U.S. DISTRICT JUDGE

ALL COUNSEL