# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY DON EVANS,<br><br>                      Petitioner,<br>  vs.<br><br>JAMES E. TILTON, Secretary, California Department of Corrections and Rehabilitation, V.M. ALMAGER, Warden, EDMUND G. BROWN, Attorney General for the State of California,<br><br>                      Respondents. | CASE NO. 07 CV 0791 JM (BLM)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>Doc. No. 43 |

Terry Don Evans ("Petitioner"), a state prisoner proceeding *pro se* and *in forma pauperis*, filed a First Amended Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on February 21, 2007, challenging his San Diego County Superior Court conviction on two counts of bank robbery, and his resultant sentence of 62 years-to-life in state prison. (Doc. No. 26.) Petitioner alleges he is entitled to relief based on violations of his Fifth, Sixth, and Fourteenth Amendment rights stemming from: (1) prejudicial evidentiary rulings, ineffective assistance of counsel and prosecutorial misconduct; (2) insufficiency of the evidence; and (3) pre-charging delay, discriminatory prosecution, suggestive identification procedures, failure to disclose exculpatory and impeachment evidence, suborning of perjury, conflict of interest by and ineffective assistance of defense counsel, admission

of his prior convictions while incompetent, and outrageous government conduct. (Doc. No. 26 at 6.1-8.29.) Respondents[1] filed a response on June 20, 2008 (Doc. No. 34), and Petitioner filed a traverse on August 29, 2008 (Doc. No. 40).

//

On November 3, 2008, Magistrate Judge Barbara L. Major issued a Report and Recommendations ("R&R") recommending that the court deny Petitioner's § 2254 petition. (Doc. No. 43.) Petitioner filed objections on November 24, 2008, in which he largely reiterates arguments from his petition and otherwise presents several new conclusory legal theories.[2] (Doc. No. 44.)

//

Having carefully considered the thorough and thoughtful R&R, the record before the court, Petitioner's objections to the R&R, and the applicable authorities, the court **ADOPTS** the R&R in its entirety.[3] The decision of the California Court of Appeal was not contrary to, nor did it involve "an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); see also Ylst v. Nunnemaker, 501 U.S. 797, 804 (1991) (court reviews last reasoned state-court decision). Furthermore, the decision was not "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). The court hereby **DENIES** with prejudice the petition for writ

---

[1] Matthew Cate is the current Secretary for CDCR, replacing respondent James Tilton. Michael A. Smelosky is the current Warden, replacing named respondent V.M. Almager. The court automatically substitutes the correct respondents pursuant to Fed. R. Civ. P. 25(d)(1).

[2] Petitioner, in conclusory fashion, argues his "liberty interest was violated when the [state] court allowed the use of the words 'professional capacity'" to describe how his parole officer knew him, his "credibility with the jury was impeached...by the prosecution's reliance on Petitioner's exercise of his right to remain silent," and the appellate court based its decision on an unreasonable determination of facts because it incorrectly stated defense counsel had a year to prepare for trial. With respect to the last theory, this court notes the duration of Petitioner's representation was not the basis for the appellate court's analysis of the alleged due process violation. (Doc. No. 43 at 26.)

[3] Petitioner repeatedly requests an evidentiary hearing on his claims. (See, e.g., Doc. No. 26 at 7, 8.6, 8.10, 8.22, 8.29.) Under 28 U.S.C. § 2254(e)(2), where a petitioner "has failed to develop the factual basis of a claim in State court proceedings," the petitioner can only receive an evidentiary hearing upon a showing (A) the claim relies on a new rule of constitutional law or facts "that could not have been previously discovered through the exercise of due diligence," and (B) "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2254(e)(2). The court finds Petitioner has failed to satisfy § 2254(e)(2)'s requirements for an evidentiary hearing.

1 of habeas corpus.  (Doc. No. 26.)  The Clerk of Court is instructed to enter judgment accordingly.

2 **IT IS SO ORDERED.**

3 DATED:  January 5, 2009

4 _____
Hon. Jeffrey T. Miller
5 United States District Judge